**IN THE COURT OF APPEALS OF IOWA**

No. 13-1732
Filed February 19, 2014

**IN THE INTEREST OF A.D. AND K.D.,**
**Minor Children,**

**P.F., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Constance C. Cohen, Associate Juvenile Judge.

A mother appeals the termination of her parental rights to two children. **AFFIRMED.**

Thomas P. Graves of Graves Law Firm, P.C., Clive, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Stephanie Brown, Assistant County Attorney, for appellee State.

Michelle R. Saveraid of the Youth Law Center, Des Moines, attorney and guardian ad litem for minor children.

Considered by Danilson, C.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

A mother appeals the termination of her parental rights to her two children, born in 2005 and 2006. She contends (I) the State did not prove the grounds for termination cited by the juvenile court, (II) the juvenile court should have granted her a six-month extension to work towards reunification, (III) termination was not in the children's best interests given the bond they shared with her, and (IV) the juvenile court should have denied the termination petition because the children were placed with a relative.

*I., II.* The juvenile court terminated the mother's parental rights pursuant to several statutory grounds. We may affirm the termination decision if we find clear and convincing evidence to support any of the cited grounds. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). On our de novo review, we are persuaded that termination was warranted under Iowa Code section 232.116(1)(f) (2013) (requiring proof of several elements, including proof that child cannot be returned to parent's custody). *See id.* (setting forth the standard of review).

The children were removed from the parents' custody in mid-2012 based on the parents' methamphetamine use. The department of human services also reported a history of domestic violence between the parents. The mother was referred to a substance abuse treatment facility, successfully completed extended outpatient treatment, and began receiving continuing care services. She was discharged for failing to share critical information with program coordinators. Later, her therapist discontinued services based on the mother's failure to attend several appointments.

The mother engaged the services of another therapist but terminated those sessions after a month. While her stated reason was cost, she did not contact the department for financial assistance after the charges were brought to her attention. She also did not make alternate arrangements with another service provider until shortly before the termination hearing, and had yet to participate in a therapy session with the new provider.

Commendably, the mother attended three domestic violence awareness classes, participated in drug support group meetings twice a week, and tested negative for illegal substances on the four consecutive drug screens taken before the termination hearing. However, she failed to appear for twelve random drug tests between February and July 2013. The department treated these non-appearances as positive drug tests.

The same pattern was reflected in the mother's contacts with her children. Well into March 2013, the mother "fully participate[d] in family interactions provided to her." The visits went so well that they were moved to her home and became semi-supervised. That changed when the mother allowed an unauthorized person to have contact with the children. Visits once again became supervised and, shortly before the termination hearing, were reduced from two sessions a week to one four-hour session per week. While the mother attended the weekly sessions, she did not always use the entire time allotted to her. Until the weekend before the termination hearing, she also did not take advantage of an offer to visit the children at their foster home.

Most critically, the mother did not seek an immediate return of the children to her care. While she answered "[y]es" when asked if she was in a position to

have the children returned to her custody, her request of the court was "to give me a six-month extension so I can get my kids home." Later, she reiterated that request, stating, "I just want my kids home. At least give me a six-month extension to make things right to bring my kids home so it does not devastate them." When questioned about what she would accomplish in the ensuing six months, she responded, "I will have a bedroom set up I will have the home ready for them. I will have money saved up and make sure I have them fed, clothed, everything and get everything ready for them to come home."

The mother's expectations on this score were unrealistically high. She had just begun a job paying $10.25 an hour and was splitting $900 per month rent payments three ways. She believed that, within a month, she could ensure the eviction of one of her house mates with a criminal past, save enough money for a $1500 down payment on a $115,000 home, make house payments of $900 per month with the assistance of her unemployed fiancé, and have the house ready for occupancy by the children. Her payment experience with a prior rental unit raised serious doubts about her ability to meet these financial goals.

We conclude the mother was not in a position to have her children returned to her custody. Accordingly, we affirm the juvenile court's termination ruling under section 232.116(1)(f). We further conclude that a six-month extension was not warranted. *See* Iowa Code § 232.104(2)(b).

***III.*** Termination must also be in the children's best interests. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). The mother contends termination was not warranted given the close bond she shared with the children. The children's paternal grandmother confirmed the existence of that bond. The key

consideration, however, was the mother's ability to keep the children healthy and safe. *See id.* The mother suspended important support services that would have moved her closer to this goal. For that reason, we conclude termination of the mother's parental rights was in the children's best interests.

*IV.* The mother contends the juvenile court should have invoked a statutory exception to termination for children in the care of relatives. *See* Iowa Code § 232.116(3)(a). We disagree.

The children were placed with their great aunt. She testified that the mother missed four of seven or eight visits in the month preceding the termination hearing. As noted, the mother also did not fully avail herself of extra visits offered by the great aunt. Under these circumstances, we conclude the juvenile court acted appropriately in moving forward with termination.

We affirm termination of the mother's parental rights to her two children.

**AFFIRMED.**